UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JULIUS A. STICKELL, JR.,

        Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

        Defendant.

Case No.: 2:22-cv-00686-GMN-VCF

**ORDER OF DISMISSAL BY COURT FOR WANT OF PROSECUTION**

On December 21, 2021, Plaintiff Julius A. Stickell, Jr., ("Plaintiff") filed his Complaint in the Eighth Judicial District Court of Nevada against State Farm Mutual Automobile Insurance Company ("Defendant"), alleging claims for breach of contract, tortious breach of the implied covenant of good faith and fair dealing, and breach of statutory duties under NRS § 686A.310. (*See generally* Compl., Ex. A to Pet. Removal, ECF No. 1-1). Defendant was served with Plaintiff's Complaint on March 29, 2022, (Pet. Removal ¶ 2, ECF No. 1), and subsequently removed the case to this Court based on diversity jurisdiction. (*Id.* ¶ 7).

On May 24, 2022, the parties filed a Joint Status Report. (Joint Status Report, ECF No. 5). This was the last filing submitted by the parties. Because of this inaction, on February 21, 2023, the Court entered a Notice Pursuant to Local Rule 41-1, notifying Plaintiff that if no action was taken in this case by March 23, 2023, the Court would enter an order of dismissal for want of prosecution. (Notice Regarding Intent Dismiss, ECF No. 6). To date, Plaintiff has not taken any action, and the deadline to do so has passed.

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In addition, Local Rule 41-1 provides that a civil action that has been pending for more than 270

days without any proceeding of record may, after notice, be dismissed for want of prosecution by the court *sua sponte*.

This action has been pending in this Court for more than two-hundred-seventy (270) days without any proceeding having been undertaken during such period. Considering the length of the delay, and Plaintiff's failure to provide a reason for the delay, the Court finds that dismissal is appropriate under Fed. R. Civ. P. 41(b) and Local Rule 41-1. *See Street v. Baca*, No. 3:16-cv-00266, 2018 WL 3581143, at *1 (D. Nev. Apr. 20, 2018) (recommending dismissal of a case under both Fed. R. Civ. P. 41(b) and Local Rule 41-1 where it had "been more than 270 days since Plaintiff filed his notice of change of address, with no other filing by Plaintiff indicating an intent to prosecute this action"), *report and recommendation adopted*, (D. Nev. July 25, 2018).

Accordingly,

**IT IS HEREBY ORDERED** that the above-entitled action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41-1.

**IT IS FURTHER ORDERED** that the Clerk is instructed to close the case.

**DATED** this __20__ day of June, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court